LV Med. Diagnostic Servs., P.C. v Safe Auto Ins. Co. (2025 NY Slip Op 51974(U))

[*1]

LV Med. Diagnostic Servs., P.C. v Safe Auto Ins. Co.

2025 NY Slip Op 51974(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-893 K C

LV Medical Diagnostic Services, P.C., as Assignee of Winkfield, Michael, Respondent,
against
Safe Auto Insurance Company, Appellant. 

Alahverdian Van Leuvan, P.C. (Gerard R. Van Leuvan of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lola Waterman, J.), entered May 21, 2024. The order denied the branch of defendant's motion seeking to dismiss the complaint on the ground of lack of personal jurisdiction.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to dismiss the complaint. In support of its motion, defendant argued that the Civil Court did not obtain personal jurisdiction over it because it is an Ohio company which is not authorized to do business in New York, and that it has not filed a statement with the Superintendent of Insurance agreeing that its automobile insurance policies will be deemed to satisfy the requirements of the New York Vehicle and Traffic Law; that the $5,000 limit of the insurance policy had been exhausted prior to plaintiff's claims; and that it was not properly served with the summons and complaint. By order entered May 21, 2024, the Civil Court (Lola Waterman, J.) solely addressed, and denied, the branch of defendant's motion seeking to dismiss the complaint on the ground of lack of personal jurisdiction (see CPLR 3211 [a] [8]). The court found that defendant "failed to produce evidentiary proof in admissible form." Specifically, the affidavit by defendant's director of claims, which was signed and notarized in Ohio, lacked a certificate of conformity, and the insurance policy's declaration page was not certified and lacked any foundation. The order concluded by noting that "issues of material fact exist as to whether defendant does not do business in the State of New York," and that "This case shall proceed on to trial on the issue of personal jurisdiction." On appeal, defendant contends that the Civil Court should have granted the branch of its motion seeking to dismiss the complaint on the ground of lack of jurisdiction.
In addition to its determination that there were various deficiencies in defendant's [*2]submissions which required its motion to be denied, the court found that sufficient issues of fact existed "as to whether defendant does not do business in the State of New York" and, therefore, held that the issue of personal jurisdiction would be determined at trial. We find that this determination by the Civil Court was proper under the circumstances of this case.
Defendant's remaining contentions either lack merit or are unpreserved for appellate review.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025